United States Courts
Southern District of Texas
FILED

JUN 09 2023

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-22-342 |
| AMANDO GARCIA, III  A63 | § § | |
| Defendant | § | |

## PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and Kimberly Ann Leo, Assistant United States Attorney, and the defendant, Amando Garcia ("Defendant"), and Defendant's counsel, David Cunningham, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 1 and 3 of the Indictment. Count 1 charges Defendant with **Distribution of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1). Count 3 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1), is imprisonment for not less than 5 years and not more than 20 years and a fine of not more than $250,000.00. The **statutory** maximum penalty for a

violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2), is imprisonment for up to 10 years and a fine of not more than $250,000.00. With a conviction for Counts 1 and 3, there is mandatory restitution under Title 18, United States Code, Section 2259 which is not less than $3,000.00 per victim. Additionally, under both Counts 1 and 3, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, sections Section 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston,

TX 77208, Attention: Finance.

     5. Pursuant to Title 18, United States Code, Section 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall assess no more than

    (1)    $17,000.00 if the Defendant is convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

    (2)    $35,000.00 if the Defendant is convicted of any other trafficking in child pornography offenses as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251 (d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

    (3)    $50,000.00 if the Defendant is convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in chase in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography.

The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

### Immigration Consequences

6. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### The United States' Agreements

7. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count 1 and 3 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

8. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of

Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

9. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

10. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and

5

that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

11. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and
>
> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

12. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 1 and 3 of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offenses of distribution and possession of child pornography beyond a

reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

    a.    Beginning on or about July 29, 2020, a Federal Bureau of Investigation (FBI) Special Agent (SA) working out of the FBI New Haven Field Office was acting in an undercover (UC) capacity as part of an FBI Child Exploitation Task Force. In that capacity, the UC entered a public Kik chat group, titled "#in.ce.stfam" that he was previously a member of, and in doing so, engaged in both group and private communications with a Kik user going by the account handle, "SpringHere". The display name for the group was "In.cest.tabuu.no limit". Based on the UC's training and experience, the inclusion of "tabuu.no limit" in the group name indicates the participants have a sexual interest in incest with children and sexual abuse.

    b.    During their online communications, which spanned the period of time from July 29, 2020, – July 30, 2020, Kik user "SpringHere" claimed to have sexually assaulted more than one minor to include a 5-year-old neighbor. Kik user "SpringHere" sent to the UC a still image file and 5 video files depicting child pornography. One file, 9615b3fb-b32c-4c84-bc0a-03d7f16590a3.mp4, is a video file that is approximately 1 minute and 50 seconds in length that depicts 2 minor males, both estimated to be less than 8 years of age, nude and lying on a bed. A nude adult female is observed licking the genitals of each minor male while a nude adult male masturbates nearby while watching. Another file, 543504bb-71fd-4eb1-a8e3-dc7ec7ec9af5.mp4, is a video file that is 43 seconds in length which depicts a minor female, estimated to be less than 8 years of age, nude from at least the waist down and being anally penetrated by the erect penis of an adult male. A third file, b86b30bc-af5b-4404-8c46-6b865a88ebce.mp4, is a video file that is 36 seconds in length which depicts a minor female, estimated to be less than 10 years of age, nude

from at least the waist down and being anally penetrated by the erect penis of an adult male.

    c.    Furthermore, Kik user "SpringHere" also sent to the UC a "selfie" still image depicting an adult Hispanic male. This selfie image was later determined to match the Texas Department of Public Safety Driver's License image for Amando Garcia.

    d.    An administrative subpoena was sent to Kik requesting subscriber identification and IP logs associated with the target account. Kik's response provided a confirmed email address of joelstar1988@gmail.com, device identifiers of a Samsung Android with model number SM-J727T, and IP logs spanning approximately July 1, 2020, – July 31, 2020. A review of the IP logs indicated the most recently and/or most frequently utilized IP address as 47.220.221.170, which was registered as a Suddenlink Communications owned IP address.

    e.    An administrative subpoena was submitted to Suddenlink Communications in pursuit of subscriber information associated with IP address 47.220.221.170 during a period of time when Kik user "SpringHere" was interacting with the UC. According to Suddenlink Communications, the subscriber of this IP address is Christopher Rogers with a residential service address of 24226 Burks Trail Drive, Porter, Texas 77365. Searches of open source and law enforcement sensitive databases appear to indicate that Christopher Rogers has a Facebook friend and roommate by the name Amando Garcia.

    f.    A publicly viewable Facebook profile for Garcia was located. A review of the publicly available images within that profile appear to depict the same individual observed in the "selfie" image sent to the UC from Kik user "SpringHere" as described above.

    g.    On September 1, 2020, FBI Houston Special Agents executed a federal search warrant at the residence in Porter, Texas. At that time, SA Ryan Shultz encountered the

8

Defendant, Amando Garcia. Post-*Miranda*, the Defendant admitted to receiving child pornography from other users on Kik, viewing the files of child pornography on his personal electronic devices and re-distributing those files of child pornography to other users on Kik. The Defendant further admitted that agents would find the Kik application, logged into his user handle, "SpringHere" as well as chats pertaining to the sexual exploitation of children on his personal cellphone, a Samsung Galaxy J7.

h.  The Defendant stated that his first encounter with child pornography occurred approximately 6 months ago when he received child pornography from a user on Kik. From there, the Defendant began seeking out and accessing additional files of child pornography, then subsequently trading them in hopes of obtaining pornographic images depicting adult males.

i.  When agents questioned the Defendant about his claims of prior sexual abuse of minors, the Defendant adamantly denied any contact with minors. Agents had previously investigated the Defendant's claim of sexual abuse of minors. Specifically, during a July 29-30, 2022 chat with an undercover agent, the Defendant claimed that that his neighbor, a DPS trooper, dropped his son off during "emergencies." The Defendant claimed that he abused the five year old while babysitting the child. The agents' investigation revealed no DPS or any other law enforcement officer lived near the Defendant and there was no indication that the Defendant had any access to children. When agents questioned the Defendant's partner/roommate at the time of the search, he told agents that he never knew the Defendant to be around minors and had never babysat.

j.  During the course of the search, agents seized a Samsung Galaxy Note 3, model #Sm-N900T; a Samsung GalaxyJ7, Model #SM-J727T; and a Western Digital HD with s/n

9

WXD1A21P8583 which was extracted from an Asus N50V laptop computer. A forensic exam was performed on these devices and agents discovered 180 videos and 166 images of young children engaged in sexually explicit conduct as defined under federal law (18 U.S.C. 2256(2)(A)). The images and videos include babies and toddlers, bondage, sadomasochism and acts of violence such as the penetration of the victims. Some of the images are of known victims as identified through the National Center for Missing and Exploited Children. Agents also found hentai animations that depict toddlers engaged in sex acts with adult males.

k.  Through the investigation, SA Shultz was able to determine that the Defendant had received images of child pornography through a Kik chat from on or about July 27, 2020 through on or about August 24, 2020.

l.  The Defendant's cellphones and hard drive were manufactured outside of the state of Texas (China and Thailand). Consequently, the computer media at issue which was used to distribute, receive and possess the child pornography traveled in foreign or interstate commerce. Further, the Defendant utilized the Internet which is a means and facility of interstate commerce to distribute, receive and possess the child pornography which was found on the above referenced device.

## Breach of Plea Agreement

13.  If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United

States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

14. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

15. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

16. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

17. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

18. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) pursuant to Title 18, United States Code, Section 2259(b)(2). Defendant understands that the amount is to be no less than $3,000.00 per victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.

### Forfeiture

19. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

a Samsung Galaxy Note 3, model #Sm-N900T;

a Samsung GalaxyJ7, Model #SM-J727T; and

a Western Digital HD with s/n WXD1A21P8583 which was extracted from an Asus N50V laptop computer.

20. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

21. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

## Fines

22. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.

## Notification of the Sex Offender Registration and Notification Act

23. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

**Complete Agreement**

24. This written plea agreement, consisting of 16 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

25. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on June 9, 2023.

_____
Defendant

Subscribed and sworn to before me on June 9, 2023.

NATHAN OSCHNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:
Alamdar S. Hamdani
United States Attorney

By: _____
Kimberly Ann Leo
Assistant United States Attorney
Southern District of Texas

_____
David Cunningham
Attorney for Defendant

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. H-22-342 |
| § | |
| AMANDO GARCIA, III § | |
| Defendant. § | |

PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____       6/9/23
Attorney for Defendant            Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual

15

which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____    ___6/9/23___
Defendant                                                    Date